UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   **2:21-cv-05384-FMO (MAA)**                                      Date:  **July 22, 2021**

Title      **Erica Henderson v. Jovita Carranza**

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

|  James Muñoz  |  N/A  |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|:---:|:---:|
| N/A | N/A |

**Proceedings (In Chambers):**     **Order to Show Cause Why This Case Should Not Be Dismissed for Lack of Jurisdiction**

   On July 1, 2021, Plaintiff Erica Henderson ("Plaintiff") filed a Petition for a Writ of Mandate ("Petition") (Pet., ECF No. 1) and Request to Proceed In Forma Pauperis with Declaration in Support ("IFP Request") (IFP Req., ECF No. 2).  At issue in the Petition is the initial $10,000 grant that the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") allows a business to seek when applying to the Small Business Administration ("SBA") for an Economic Injury Disaster Loan ("EIDL") in response to COVID-19.  (Pet. 2.)[1]  Petitioner alleges that she applied to the SBA for an EIDL and requested the $10,000 initial grant, that the SBA denied her EIDL loan application due to her "unsatisfactory credit history," that the SBA deposited $1,000 into Petitioner's business account, and that the SBA has not provided the full $10,000 initial grant within three days of her application date.  (*Id*. at 14.)  The Petition seeks to compel Respondent Jovita Carranza, the Administrator of the SBA, to issue the remaining $9,000 grant to Petitioner within three days of Petitioner's application date.  (*Id*. at 16–17.)

   Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Federal courts have a duty to consider subject matter jurisdiction *sua sponte*, "whether the parties raise[] the issue or not."  *United Inv. Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *accord Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009).

---

[1] Citations to pages in docketed documents reference those generated by CM/ECF.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:21-cv-05384-FMO (MAA)**                                                  Date:  **July 22, 2021**

Title     **Erica Henderson v. Jovita Carranza**

Petitioner asserts original jurisdiction pursuant to 28 USC § 1361 ("Section 1361") and 28 USC § 1331 ("Section 1331").  (Pet. 3.)

Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 USC § 1361.  "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available."  *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003).  In *LIT Ventures v. Carranza*, 457 F. Supp. 3d 906, 910 (D. Nev. 2020), the court examined the $10,000 emergency grant under the CARES Act, and concluded that the CARES Act did not provide a "mandatory, ministerial duty on the part of the SBA to fund an EIDL applicant's request for an emergency grant in any amount requested up to $10,000 and within three days of the request after considering only the applicant's self-certification of eligibility."  Rather, "[t]he CARES Act is an extension of powers that Congress has already granted to the SBA and its Administrator—most particularly for the emergency grant, the power to make and administer EIDLs"—and such powers are discretionary.  *Id*. at 910.  "Because the CARES Act does not create a mandatory ministerial duty to make emergency grants in the manner that [Petitioner] pleads, mandamus relief is unavailable."  *Id*. at 911.

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 USC § 1331.  However, the CARES Act does not create a private right of action and therefore cannot be the basis for federal question jurisdiction.  *See Paskiewicz v. Cal.*, No. 2:20-cv-02238 TLN AC PS, 2020 U.S. Dist. LEXIS 227376, at *5 (E.D. Cal. Dec. 3, 2020) ("Plaintiff also appears to assert the CARES Act as a basis for federal jurisdiction, but there is no private right of action under the CARES Act.").

For these reasons, it appears that the Court lacks subject matter jurisdiction over the Petition.  Plaintiff is **ORDERED TO SHOW CAUSE** by **August 12, 2021** why the Court should not recommend dismissal of this action for lack of subject matter jurisdiction.

Instead of filing a response to this Order to Show Cause, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a) (form attached).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:21-cv-05384-FMO (MAA)**                                Date:  **July 22, 2021**

Title      **Erica Henderson v. Jovita Carranza**

    **Plaintiff is advised that failure to comply with this Order to Show Cause by August 12, 2021 will result in a recommendation that the Petition be dismissed for lack of jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

    It is so ordered.

Attachment
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))

**Time in Court:**   0:00
**Initials of Preparer:**   JM